IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AUTONOMOUS MUNICIPALITY OF CAROLINA,<br><br>    Plaintiff,<br><br>    v.<br><br>LILLY DEL CARIBE, INC.;<br><br>    Defendant. | CIVIL NO. 13-1477 (PAD) |

**OPINION AND ORDER**

The Municipality of Carolina sued Lilly del Caribe Inc. for collection of taxes owed as a result of Lilly's breach of a Municipal Grant of Tax Exemption. Before the Court is the Municipality "Motion for Reconsideration of Opinion and Order (DKT # 24)," seeking remand of the case to the Carolina Part of the Puerto Rico Court of First Instance (Docket No. 32). After careful evaluation of the parties' filings, the issues raised, and the principles and authorities governing their adjudication, the motion is GRANTED and the case REMANDED to state court.

**I.    BACKGROUND**

The background is more fully set in the Court's initial ruling at Docket No. 24. In the main, the Municipality claims that on September 9, 1999, Lilly became the holder of a Municipal Grant of Tax Exemption with the Municipality. The exemption, which had an initial effective date of July 1, 1997, was to expire after ten years but was extended for an additional ten-year period (Docket No. 1, Exh. 2 at ¶ 27). After the extension became effective, Lilly (1) was authorized to establish a manufacturing foreign trade subzone in a Foreign Trade Zone ("FTZ") under the Foreign Trade Zone Act, 19 U.S.C. §§ 81a-81u ("FTZA"), (2) correspondingly adjusted its

Municipal License Tax filings for the fiscal year 2009-2010, and (3) ceased paying taxes over its personal property. Id. at ¶¶ 32, 37, 39 and 40.

In the Municipality's view, the Grant and the extension are considered a contract agreed upon the Municipality and Lilly, after the latter represented to the Municipality that projected increases in sales and the investment in physical plant, machinery and equipment would entail a corresponding increase in the payment of Municipal License Tax and real and personal property taxes. At the same time, for the Municipality, Lilly (1) did not notify the Municipality that it was requesting a Sub-Zone from the Foreign Trade Zone Board, (2) falsely indicated that its projected savings in municipal taxes and property taxes, if a Sub-Zone was granted, would be around $ 1 Million a year, (3) failed to inform the Board of its agreements with the Municipality, and (4) has not paid taxes to the Municipality despite what was agreed to in the Grant and Grant Extension, exempting from its volume of business income based on exemptions to companies that operate in a FTZ (Docket No. 1, Exh. 2 at ¶¶ 33-41, 44-49, 51, 60).

Focusing on these grounds, the Municipality asserts that Lilly breached its contract with the Municipality, and sued Lilly in state court to collect the taxes allegedly due as provided in the Grant and Grant Extension, without attributing credits, deductions, reductions, or exemptions resulting from Lilly's designation as a Sub-Zone under the FTZA. Id. Lilly removed the action, claiming that jurisdiction is proper because the Municipality's right to relief necessarily depends on the resolution of a substantial question of federal law, namely the exemption it is entitled to under the FTZA (Docket No. 1 at ¶ 14). The Municipality moved to remand (Docket No. 10), Lilly opposed the Municipality's request (Docket No. 21), and the Court denied it (Docket No. 24). Thereafter, the Municipality sought reconsideration (Docket No. 32), Lilly opposed the Municipality's motion (Docket No. 33), the Municipality replied (Docket No. 34), and Lilly sur-replied (Docket No. 39).

## II. DISCUSSION

A. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant or the defendants to the federal district court for the district and division embracing the place where such action is pending. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 474 (1998); Rhode Island Fishermen's Alliance v. Rhode Island Dept. Of Environmental Management, 585 F.3d 42, 47 (1st Cir. 2009).

District courts' original jurisdiction extends to civil cases arising under federal law. 28 U.S.C. § 1331. City of Chicago v. International College of Surgeons, 522 U.S. 156, 529 (1997). A case arises under federal law (1) when federal law creates the cause of action asserted; and (2) in a special and small category of cases, sometimes referred to as "federal ingredient" cases, when state law creates the cause of action but the action asserted implicates an important federal issue. Empire Healthchoice Assur., Inc. v. Mc Veigh, 547 U.S. 677, 699 (2006); Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 8-9 (1983).

The present case revolves around this latter type of jurisdiction. In those instances, whether a claim arises under federal law must be answered by reference to the plaintiff's well-pleaded complaint. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986); Hernández-Agosto v. Romero-Barceló, 748 F.2d 1, 2 (1st Cir. 1984). Federal-ingredient jurisdiction should be applied with caution. Metheny v. Becker, 352 F.3d 458, 460 (1st Cir. 2003).

B. Characteristics of Federal Issue

To sustain federal-question jurisdiction in a case where state law has created the action asserted, the federal issue must be: (1) necessarily raised; (2) actually disputed; (3) substantial; and

(4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  Gunn v. Minton, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013); Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005); Rhode Island Fishermen's Alliance, Inc., 585 F.3d at 48.  When all four of these requirements are met, jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.  Gunn, 133 S. Ct. at 1065; Grable, 545 U.S. at 314.

    C.   Initial Ruling

In its initial ruling, the Court denied the Municipality's remand request, finding that a federal issue was necessarily raised by the Municipality in describing its challenge to Lilly's course of action, and that such issue was disputed, substantial, and capable of resolution without disrupting the sound division of labor between federal and state courts. (Docket No. 24 at pp. 9-11).  It reasoned the issue was disputed because Lilly claims (1) entitlement to an exemption of personal property taxes over the personal property inventory it holds at the FTZ, (2) that the exemption was properly claimed in the personal property tax return corresponding to taxable year 2009-2010, and (3) that the Municipality is proscribed from imposing such ad valorem taxation.  In turn, the Municipality counters that (1) it is not so proscribed, and (2) Lilly should not have attributed itself any credit, deduction, reduction or exemption resulting from the Sub-zone designation under the "[FTZ] Act" in calculating and reporting its municipal taxes (including personal property taxes).  Id. at p 9.

The Court considered the issue substantial, since payment and collection of taxes is important to Lilly as a taxpayer, and to the Municipality as the collector.  From that perspective, the amount of collections directly affects their financial and economic situation.  A reduction in the amount of personal property taxes payable to the Municipality represents a reduction in Lily's

operating costs, while to the Municipality, Lilly's savings represent lost revenues that it could have potentially appropriated to fund the activities of the local government. Correspondingly, for the Court, the resolution reached in this case could have a direct and potentially unfavorable effect on all of the entities authorized to operate in the FTZ's located in Puerto Rico and on foreign and interstate commerce, which Congress expressly intended to protect in enacting the FTZ Act. Id. at p. 10.

The Court ruled that deciding the federal issue in this forum would not tilt the sound division of labor between federal and state courts. In the Court's view, the Municipality's petition requires interpretation and implementation on state and local ad valorem taxes stated in the FTZ Act, a provision with preemptive effect that governs creatures of federal law that Congress intentionally sought to regulate despite being located within the geographical limits of state or local governments. Id. at p. 11. Examining the matter anew, the Court is persuaded that the federal issue has not been necessarily raised, nor is it substantial in the sense the Supreme Court has used the term. Its resolution more properly belongs in state court.

D.  Reevaluation

i.  Necessity

The Court initially concluded that a federal issue was necessarily raised in the face of the complaint because the Municipality asked the court to impose municipal taxes on Lilly without attributing to the latter any credit, deduction, or exemption under the FTZA (Docket No. 24 at p. 9). Even though the reasoning is not counterintuitive, taking the issue to another level yields a different result.

To determine whether an issue is necessarily raised, the Supreme Court has focused on whether the issue in question is an essential element of a plaintiff's claim. In that sense, jurisdiction

must be determined without reliance on anything plaintiff has alleged in anticipation of defenses which the defendant may interpose. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). For that reason, a federal issue is considered necessary only if it is an element rather than a defense to the state-law claim. Franchise Tax Bd. of State of Cal., 463 U.S. at 10-11. As an element of the defense, it is inadequate to confer federal jurisdiction. Merrell Dow Pharmaceuticals, Inc., 478 U.S. at 808. Such is the case here.

In Franchise Tax Bd. of State of Cal., the Franchise Tax Board of California filed a complaint in state court against a Trust and its trustees, alleging that the Trust had failed to comply with certain tax levies issued under a state statute, thereby becoming liable for damages, and that in view of the defendants' contention that a federal statute – ERISA – pre-empted state law, a judgment should be issued declaring the parties' respective rights. The defendants removed the case to federal district court, the court denied the Tax Board's motion to remand, and the Supreme Court ultimately held that the case was not within the district court's removal jurisdiction conferred by 28 U.S.C. § 1441. 463 U.S. at pp. 5-7. In so deciding, the Court observed:

> . . . a straightforward application of the well-pleaded complaint rule precludes original federal court jurisdiction. California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law. The well-pleaded complaint rule was framed to deal with precisely such a situation. . . . [S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

> Id. at 13-14.

The reasoning applies with equal force to the interplay between the Municipality's claim (1) that Lilly breached a contract with the Municipality, and (2) that as a result of that breach, it owes taxes to the Municipality; and Lilly's contrary assertion that no taxes are owed on account of its designation as a Sub-Zone under the FTZA. Federal law may become relevant only as a defense to an obligation created by state law, and then only if the Municipality is able to make out a valid claim for relief under that law.

From the complaint, the Municipality would have to establish the existence of a contract pursuant to which Lilly agreed to pay agreed-on sums of money without relying on FTZ exemptions, credits or deductions. The breach of the obligation would require Lilly to pay the Municipality based on what it purportedly agreed to, leading to a payment measured by the local tax formula (free of FTZ-related exemptions, credits or deductions). None of these elements requires consideration of federal law to evaluate and determine whether Lilly in fact agreed to what the Municipality has asserted and claimed. FTZ status might have a role in Lilly's defense, albeit to an underlying obligation, created entirely by Puerto Rico law. Accord: Harris County v. PRSI Trading, LLC, 2014 WL 4924123, *3 (S.D.Tex. September 29, 2014)(FTZ exemption considered a defense to underlying obligation to pay state tax).

Lilly contends that removal is not based on a defense but on the fact that this is a declaratory judgment action filed by the Municipality purporting to deny Lilly a right under federal law that Lilly has been claiming (Docket No. 21 at pp.16-17). From a federal perspective, operation of the Declaratory Judgment Act is procedural only. Franchise Tax Bd. of State of Cal., 463 U.S. at 15. With its enactment, Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. Id. The requirements of jurisdiction were not impliedly repealed or modified. Id. at 16.

Setting the framework, if but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking. Id. (noting current understanding of Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)). Correspondingly, federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but Skelly Oil, would bar jurisdiction if the plaintiff had sought a federal declaratory judgment. See, Franchise Tax Bd. of State of Cal., 463 U.S. at 18-19 (so noting).

The absence of Congressional authorization for the Municipality to bring an action in the district court – and that authorization is lacking in the FTZA – is fatal under Skelly Oil. If the federal statute creates no federal cause of action vindicating the same interest that the plaintiff's state cause of action seeks to vindicate, recharacterization as a federal claim is not possible so as to allow the action to be removed as one arising under federal law to be litigated in the federal court. Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co, 858 F.2d 936, 941-942 (3d Cir. 1988). As the Supreme Court has pointed out, the fact that Congress has not elected to provide a statutory right of action to the plaintiff in the case is a thumb on the scale of dismissal. Merrell Dow Pharmaceuticals Inc., 478 U.S. at 814 n. 12 and 817.

Lilly argues federal jurisdiction exists over a declaratory judgment action when the defendant could have brought a federal claim in a coercive action in federal court (Docket No. Docket No. 21 at p. 17). The argument may be said to derive from Franchise Tax Bd. of State of Cal.'s observation that "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Id. at 19. Further, it was relied upon in American Airlines, Inc. v. Cardoza-Rodríguez, 133 F.3d 111 (1st Cir. 1998), to validate a

declaratory judgment action brought by an employer against former employees in federal court. Id. at 114-115.  But "[s]imply to state these principles is not to apply them to the case at hand." Franchise Tax Bd. of State of Cal., 463 U.S. at 13.  Defining this modality is clear Congressional authorization to initiate civil actions in federal district court.

On this foundation, the First Circuit indicated in Cardoza-Rodríguez that the controversy arose either as one of the employees' right to sue under the retirement plan pursuant to ERISA, 29 U.S.C § 1132(a)(1)(B), or as a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the provisions of the Older Workers Benefit Protection Act amending the ADEA, 29 U.S.C. § 626(F)(1)(A)-(H).  Id. at 115 n. 1.[1]  So presented, the federal statutes and the causes of action they created made it possible for the declaratory judgment defendants to sue the plaintiff in U.S. district court, bridging the gap between those defendants and federal-subject-matter jurisdiction.  Id.

The cases that Lilly cited follow the same principle.  See, Kikker, Peabody & Co., Inc. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991)(declaratory judgment defendant could have brought claim under federal securities laws); GNB Battery Technologies, Inc. v. Gould, Inc., 65 F.3d 615, 619-620 (7th Cir. 1995)(declaratory judgment defendant could have brought claims under Comprehensive Environmental Liability Act); Cartoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 965 (10th Cir. 1996)(declaratory judgment defendant could have brought claim under Lanham Act); Standard Ins. Co. v. Saklad, 127 F.3d 1179 (9th Cir. 1997)(declaratory judgment defendant could have brought claim under ERISA); Fina Oil and

---

[1] ERISA creates a series of express causes of action in favor of participants, beneficiaries, and fiduciaries of ERISA-covered plans, as well as the Secretary of Labor.  See, ERISA § 502(a), 29 U.S.C. § 1132(a).  Similarly, the ADEA, as amended by the OWBPA, permits an aggrieved individual to commence a civil action for such legal or equitable relief as will effectuate the purpose of the statute.  See, ADEA §7(c)(1), 29 U.S.C. § 626(c)(1).

Chemical Co. v. Ewen, 123 F.3d 1466, 1479 (Fed. Cir. 1997)(declaratory judgment defendant could have brought correction of inventorship action under 35 U.S.C. § 256); Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370-371 (4th Cir. 2001)(declaratory judgment defendant could bring unconstitutional taking claim under Fourteenth Amendment); Household Bank v. JFS Group, 320 F.3d 1249, 1255 (11th Cir. 2003)(declaratory judgment defendants could have brought actions under Truth in Lending Act, National Bank Act, and RICO); Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., Inc., 658 F.3d 614, 622 (7th Cir. 2011)(declaratory judgment defendant could have sued state actor under Section 1983 claiming actor was unlawfully censoring speech in violation of the First Amendment); TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 679 (5th Cir. 1999)(district court lacked federal-question jurisdiction in declaratory judgment action where defendant could not bring action under 28 U.S.C. § 81).

The FTZA does not appear to create an action authorizing Lilly to sue the Municipality in U. S. district courts. Lacking that authorization, Skelly Oil would not permit Lilly as a declaratory judgment defendant to initiate an action against the Municipality under the FTZA in this court.[2] Relying on Jefferson County, Ala. v. Acker, 527 U.S. 423, 433-435 (1999), however, Lilly suggests that federal jurisdiction exists over a claim brought in state court to collect state taxes that is removed to federal court, when a defendant may argue that application of the tax violates federal law (Docket No. 21 at p. 21).

---

[2] It is not beyond the power of Congress to confer a right to a declaratory judgment in a case or controversy arising under federal law within the meaning of the Constitution or of § 1331 without regard to Skelly Oil's particular application of the well-pleaded complaint rule. Nevertheless, Congress has declined to make such a change. At this point, any adjustments must come from Congress. See, Franchise Tax Bd. of State of Cal., 463 U.S. at n. 17 and 19 (so stating). Congress had previously granted general federal-question jurisdiction to federal courts, but the grant was repealed one year later. Steffel v. Thompson, 415 U.S. 452, 464 n. 14 (1974).

Case 3:13-cv-01477-PAD   Document 42   Filed 02/05/15   Page 11 of 15

Autonomous Municipality of Carolina v. Lilly del Caribe, Inc.
Civil No. 13-1477 (PAD)
Opinion and Order
Page 11

In Jefferson County, a county instituted a collection suit in state court against two federal judicial officers, who in turn removed the matter to the U.S. district court. Removal was effected through 28 U.S.C. § 1442(a)(3). See, Jefferson County, Ala. 527 U.S. at 429-430 (describing case background). That provision, part of what is known as the federal office removal statute, states that a civil action or criminal prosecution commenced in a State court against any officer of the courts of the United States, for any act under color of office or in the performance of his duties, may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending. 28 U.S.C. § 1442(a)(3). No federal officer sought removal in the case sub judice.

ii. Substantiality

Originally, the Court considered the federal issue substantial because payment and collection of taxes is important to Lilly as a taxpayer, to the Municipality as the collector, and to the federal system as a whole (Docket No. 24 at p. 10).

As interpreted by the Supreme Court, a finding of substantiality requires an issue significant to the particular parties in the immediate suit, and important to the federal system as a whole. Gunn, 133 S. Ct. at 1066. Applying the concept, it referred, by way of example, to two categories involving substantial issues important to the federal system. First, cases where the Federal government has a "direct interest in the availability of a federal forum to vindicate its own administrative action." Id. Second, cases where the decision depends on "the determination of 'the constitutional validity of an act of Congress which is directly drawn in question.'" Id.

The federal issue around which Lilly centers its claim does not involve any of such instances. Moreover, the Supreme Court concluded in Franchise Tax Bd. of State of Cal. that the federal defense to the tax collection action initiated in that litigation was not substantial. 463 U.S.

at 13, 27-28. Beyond the obvious importance of the issue to the parties, that this case does not fall within any of the categories recognized as substantial in Gunn and instead deals, much like was the case in Franchise Tax Bd. of State of Cal., with a defense to a state-based action, persuades the Court that such defense does not raise to the degree of substantiality needed to confer jurisdiction within the meaning of 28 U.S.C. § 1441.

### iii. State Courts

Initially, the Court concluded that deciding the federal issue in this forum would not tilt the sound division of labor between federal and state courts. (Docket No. 24 at p. 11). It read the Municipality's petition as requiring interpretation and implementation of the prohibition on state and local ad valorem taxes stated in the FTZ Act, observing that this provision has been construed as an express preemption by Congress governing creatures of federal law that Congress sought to regulate despite being located within the geographical limits of state or local governments. Id.

Notwithstanding the appeal of that reasoning, preemption alone does not provide actionable grounds for removal. There is nothing inappropriate or exceptional about a state court's entertaining and applying federal law to a completely preempted claim. Vaden v. Discover Bank, 556 U.S. 49, 62 n. 12 (2009). A suit brought upon a state statute does not arise under an Act of Congress because prohibited thereby. Franchise Tax Bd. of State of Cal., 463 U.S. at 12.

A federal rule of decision is necessary but not sufficient for federal jurisdiction. Seinfeld v. Austen, 39 F.3d 761, 764 (7th Cir. 1994). There must also be a right of action to enforce the rule, and with it Congressional intent to confer federal courts authority to resolve the dispute. Templeton Bd. of Sewer Com'rs. v. American Tissue Mills of Massachusetts, Inc., 352 F.3d 33, 40 (1st Cir. 2003). Any ambiguity as to the source of the law relied upon to invoke removal ought to be resolved against removal. Roselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004).

A deeply-rooted presumption has been recognized in favor of concurrent state-court jurisdiction to adjudicate federal issues. Burt v. Titlow, --- U.S. ---, 134 S.Ct. 10, 15 (2013); Mims v. Arrow Financial Services, LLC, --- U.S. ---, 132 S. Ct. 740, 748 (2012); Yellow Freight v. Donnelly, 494 U.S. 820, 823 (1990). The presumption is rebutted only if Congress affirmatively outs state courts of jurisdiction over a particular claim. Tafflin v. Levitt, 493 U.S. 455, 458-460 (1990).

The FTZ Act does not divest state courts of their presumptive jurisdiction over federal and local claims in favor of federal district courts. The absence of authorization to have a case adjudicated in district court signals Congressional intent to leave intact the traditional allocation of adjudicative responsibilities between federal and state courts. Exercising jurisdiction where Congress has not authorized it would disturb the congressionally-approved balance of federal and state judicial responsibilities. The case may be adjudicated in state court.

### iv. Commerce Clause/Administrative Ruling

Lilly alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1337(a) because the case involves a statute for which the Commerce Clause furnishes predicate (Docket No. 21 at pp. 3, 18-20; Docket No. 33 at p. 2). Contrary to Lilly's allegation, the Supreme Court has not distinguished between the "arising under" standards of § 1337 and § 1331. Franchise Tax Bd. of State of Cal., 463 U.S. at 8 n. 7. That condition makes a federal preemption defense to a state-law cause of action insufficient to confer federal-question jurisdiction on a federal court. Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Rhode Island Fishermen's Alliance, Inc., 585 F.3d at 50-51.

Lilly asserts the Municipality has commenced a challenge to Lilly's grant of sub-zone before the FTZ Board, and that any arguments concerning the propriety of the Grant should be made exclusively before the administrative federal body, not before state courts or this Court. See,

Docket No. 33 at p. 7. If that were the case, Lilly may so assert as an affirmative defense in state court. Without a different substantive and procedural setting, it is apparent that this case does not arise under federal law.

### E. CONCLUSION

Removal jurisdiction permits a defendant to force the plaintiff to litigate certain actions in federal court, rather than in the state forum originally selected. Jack H. Friedenthal, Mary Kay Kanes & Arthur Miller, Civil Procedure, 59 (4th Ed. 2005). An action is removable only if it originally could have been brought in a federal district court. The basis of federal jurisdiction may not consist of a federal defense.

The Municipality's state cause of action is based on Lilly's alleged breach of a tax exemption grant. As it stands, it is one of breach of contract, an action ordinarily entertained by state courts. Lilly avers that jurisdiction is proper because the adjudication depends on resolution of a substantial question of federal law. But the basis for jurisdiction alleged by Lilly is grounded on a federal tax exemption under the FTZA. This, in turn, constitutes a defense as opposed to a jurisdictional basis insufficient to confer original federal subject matter jurisdiction.

Removal statues are to be strictly construed against removal. Rosselló-González, 398 F. 3d at 11 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941)). A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case. Franchise Tax Bd. of State of Cal., 463 U.S. at 13.

Within these constraints, the Court lacks subject matter jurisdiction to entertain this action. The Municipality's motion for reconsideration (Docket No. 32) is GRANTED and the case REMANDED to state court.[3]

A court may award costs and attorney's fees under 28 U.S.C. § 1447 (c) where the removing party lacks an objectively reasonable basis for seeking removal. Even though Lilly's attempt to remove was unsuccessful, the attempt was not objectively unreasonable. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Consequently, Lilly need not pay for the costs, expenses and attorney's fees that the Municipality has incurred in this proceeding.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of February, 2015.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
United States District Judge

---

[3] Absence of original federal jurisdiction does not mean there is no federal forum in which a federal preemption defense may be heard. If the state courts reject that defense, the decision may ultimately be reviewed by the Supreme Court. McKesson Corp. v. Division of Alcoholic Beverages and Tobacco. Dept. of Business Regulation of Florida, 496 U.S. 18, 26-31 (1990); Franchise Tax Bd. of State of Cal., 463 U.S. at 12 n. 12. Likewise, if the merits of the claimed exemption had to be brought before the FTZ Board, the Court of International Trade may have jurisdiction over the agency's ruling. See, Conoco, Inc. v. U.S. Foreign-Trade Zones Bd., 18 F.3d 1581, 1586 (Fed. Cir. 1994)(Congress amended jurisdictional provision of Court of International Trade to eliminate much of the difficulties experienced by trade litigants who in the past commenced suits in the district courts only to have those suits dismissed for want of subject matter jurisdiction); Miami Free Zone Corp. v. Foreign-Trades Zones Bd, Dept. of Commerce, 803 F. Supp. 442, 444 (D.C. Cir. 1992) (since FTZ's are concerned with shifting tariffs, duties and import conditions, review of FTZ Board's actions was intended to be exclusive in the Court of International Trade).