IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AUTONOMOUS MUNICIPALITY OF CAROLINA,

      Plaintiff,

        v.

LILLY DEL CARIBE, INC.,

      Defendant.

CIVIL NO. 13-1477 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Before the court is plaintiff's "Motion Pursuant to Rule 60 Requesting Partial Relief from Judgment as to Costs, Expenses and Attorney's Fees" (Docket Nos. 45 and 49), which defendant opposed (Docket No. 46 and 52). For the reasons explained below, plaintiff's request is DENIED.

## I.    BACKGROUND

On June 18, 2013, Lilly del Caribe, Inc. ("Lilly") removed the action to this court (Docket No. 1). On July 16, 2013, the Autonomous Municipality of Carolina ("the Municipality") sought remand (Docket No. 10). On August 26, 2013, the court (Domínguez, J.) denied the remand (Docket No. 24). On October 11, 2013, the Municipality filed a "Motion for Reconsideration of [the] Opinion and Order," which Lilly opposed (Docket Nos. 32-34 and 39). On February 5, 2015, this court entered an Opinion and Order reconsidering its previous ruling. And thus it remanded the case to state court, pointing out that although Lilly's attempt to remove the case had been unsuccessful, it had not been objectively unreasonable. On that basis, it concluded that Lilly did

Autonomous Municipality of Carolina v. Lilly del Caribe, Inc.
Civil No. 13-1477 (PAD)
Opinion and Order
Page 2

not need to pay for the costs, expenses and attorney's fees that the Municipality had incurred in

the removal proceeding (Docket No. 42).[1]

The Municipality requests the court to reconsider its determination that Lilly's attempt to

remove the case to federal court had not been objectively unreasonable.  It alleges that "Lilly's

representations and actions in the state court, upon remand, have shown that Lilly never had an

objectively reasonable or bona fide basis or belief that this court had subject matter jurisdiction

over the claims for which it requested removal" (Docket No. 45 at p. 1).  To that and, it asserts that

after the case was remanded, Lilly did not rely on the answer to the complaint filed in federal court

and, instead, took the position that the Municipality had failed to exhaust administrative remedies

(a statutory requirement under state law) and, thus, that the case was not ripe for adjudication.  In

the same way, it claims Lilly knew all along that the case was not ripe for adjudication, yet "saved

the argument until remand" (Docket No. 45 at p. 8).  This, the Municipality posits, shows that

Lilly's attempt to remove the case was objectively unreasonable, warrants the imposition of costs,

expenses, and attorney's fees incurred by the Municipality as a result of the removal, and justifies

attorney's fees under Rule 11 of the Federal Rules of Civil Procedure.

## II.      DISCUSSION

The Municipality has not asserted any specific ground for relief under Rule 60, and the

court sees none either.  See Fisher v. Kadant, Inc., 589 F.3d 505, 513 (1st Cir. 2009) (citing Karak

v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)) ("Success under [Rule 60(b)] requires more

than merely casting doubt on the correctness of the underlying judgment.  Rather, Rule 60(b) relief

is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'");

---

[1]  Full background can be found in the Opinion and Order of February 5, 2015, remanding the case to the Carolina Part of the Court of First Instance of Puerto Rico.

Autonomous Municipality of Carolina v. Lilly del Caribe, Inc.
Civil No. 13-1477 (PAD)
Opinion and Order
Page 3

see also López-Rosario v. Programa Seasonal Head Start, 2015 WL 6471192 (quoting Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir.2015)) ("Relief under Rule 60(b)(6) requires a showing that exceptional circumstances justify extraordinary relief."); Fontanillas-López v. Morell Bauzá Cartagena & Dapena LLC, 2015 WL 5800965, at *5 (holding that "under Rule 60(b)(3), a litigant must present the district court with clear and convincing evidence that the claimed fraud occurred," and prove that the alleged fraud "substantially interfered with the litigant's ability fully and fairly to prepare for, and proceed at, trial"); Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129 (1st Cir. 2005) (holding that Rule 60(d) requires "an unconscionable scheme or the most egregious conduct designed to corrupt the judicial process").

In the same way, the allegations included in the complaint, which gave rise to Lilly's petition for removal, persuaded another judge in this district to uphold the removal.  So it was not unreasonable for Lilly to conclude that it had a basis for removal.  If the Municipality believes Lilly's amendment to its answer to the complaint was inappropriate, it can raise that issue with the state court for whatever remedy it understands is appropriate.

Finally, to the extent the Municipality seeks to have sanctions imposed on Lilly and its legal counsel in connection with Rule 11 for basically the same reasons it claims that attorney's fees are warranted in relation to the removal, the request must be denied.  Considering the Municipality's allegations, Lilly's position was not objectively unreasonable.  Even more, the Municipality's request for sanctions does not satisfy the procedural requirements of Rule 11.  "A Rule 11 motion must be made separately from any other motion and not simply as an additional prayer for relief contained in another motion."  Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 244 (1st Cir. 2010) (internal citations and quotation marks omitted).  "The moving party must . . . serve

<u>Autonomous Municipality of Carolina</u> v. <u>Lilly del Caribe, Inc.</u>
Civil No. 13-1477 (PAD)
Opinion and Order
Page 4

the Rule 11 motion on opposing counsel at least twenty-one days prior to filing with the court so

as to provide the adversary time to withdraw the challenged paper, claim, contention, or defense."

<u>Id.</u>  None of these requirements was met here, as the Municipality's request for sanctions appeared

not as a separate motion, but as an additional request at the tail end of its Rule 60 Motion.  Nor

was Lilly's legal counsel served with the motion twenty-one days prior to its filing.  <u>See id.</u> at 245

(holding that the twenty-one-day safe harbor provision is "mandatory").

## III.    CONCLUSION

In view of the foregoing, plaintiff's "Motion Pursuant to Rule 60 Requesting Partial Relief

from Judgment as to Costs, Expenses and Attorney's Fees" (Docket No. 45) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of May, 2016.

<u>S/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge